J-S20042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAI THACH | : | |
| | : | |
| Appellant | : | No. 2641 EDA 2016 |

Appeal from the Judgment of Sentence February 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004527-2013

BEFORE:   BOWES, J., OTT, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                           **FILED JUNE 20, 2017**

Tai Thach appeals from the judgment of sentence imposed on February 6, 2014, in the Court of Common Pleas of Philadelphia County, following his guilty plea to the charges of aggravated assault and conspiracy. In this timely appeal,[1] Counsel identifies the issue Thach wishes to preserve, specifically, he was not properly informed that as a consequence of his plea he might be deported and that the guilty plea colloquy was deficient due to the inadequacy of the Cambodian translator supplied by the Court.  Counsel has filed an **Anders**[2] brief, asserting that all claims are wholly frivolous. Counsel has also filed a motion to withdraw from representation and has

_____

[1] Thach filed a PCRA petition seeking reinstatement of his direct appeal rights, which was granted without opposition on December 12, 2016.

[2] **Anders v. California**, 386 U.S. 738 (1967).

mailed Thach the required notification of intent to file an **Anders** brief along with a recitation of Thach's rights. Because it is unclear if Thach comprehends the English language sufficiently to understand the meaning and import of the notification letter and **Anders** brief, we must remand to ensure Thach's comprehension.

> Initially, we note that we may not address the merits of the issue raised on appeal without first reviewing the request to withdraw. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005). Therefore, we review counsel's petition at the outset. Our Supreme Court's decision in [**Commonwealth v.**] **Santiago**, **supra**, [978 A.2d 349 (Pa. 2009)] did not alter the procedural requirements counsel must satisfy in requesting to withdraw from representation. Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013)

While counsel has complied with the letter of the law, this matter presents a unique situation. Thach needed a Cambodian translator in his court appearances and he denied any ability to read or write in English. **See** N.T. Guilty Plea, 12/6/2016 at 3. Neither does he read or write the Cambodian language. **Id**. at 3. He understands the spoken Cambodian language, **id.**, but was not asked if he understood spoken English. Accordingly, the record is silent as to his actual capabilities in understanding spoken English.

- 2 -

Thach's counsel undeniably provided Thach with the required copy of the **Anders** brief as well as the letter explaining Thach's rights. However, those documents, as found in the certified record, were in English, which Thach can neither read nor write. The certified record does not reflect whether the notice was translated for Thach, nor provided any indication whether SCI Benner Township, the state correctional institution wherein Thach is housed, has the services of a certified Cambodian translator. If Thach was unable to comprehend the **Anders** notice, it cannot be said that he was properly notified of the status of his appeal or of his rights to challenge counsel's determination.

In light of the above, we are required to remand this matter to ensure Thach has been adequately notified of his rights pursuant to **Anders**.[3] If counsel has already provided Thach with notice in a form Thach can understand or arranged for a translator, counsel shall inform this court of that fact, including a statement of how said notification was accomplished, within 15 days of the date of this decision.

However, if said notification has not already been accomplished, counsel shall have 60 days from the date of this decision to achieve proper notification through the use of a certified Cambodian translator. Thach shall

_____

[3] This decision is purely procedural in nature and is not intended to be commentary on the merits of counsel's **Anders** analysis.

- 3 -

then have another 60 days in which to respond, also through the use of a certified Cambodian translator

This matter is remanded for action consistent with this decision. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017